UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:19-CV-00059-GNS

CAROLYN WARD WIMAN; and
LATTA W. WIMAN                                                                                    PLAINTIFFS

v.

TRIANGLE ENTERPRISES, INC., et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Emergency Motion to Remand (DN 6). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.  STATEMENT OF FACTS AND CLAIMS

Despite the parties' voluminous briefs, the facts relevant to the court's decision in this case are simple and straightforward: Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. ("Defendants") removed this action under Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1334, and 28 U.S.C. § 1452. (Notice Removal 1, DN 1). There is presently a state action pending in the Graves Circuit Court, Kentucky, where Plaintiffs Carolyn Ward Wiman and Latta W. Wiman ("Plaintiffs") assert various claims against Defendants relating to their injuries allegedly caused from using Defendants' talcum powder. (Notice Removal ¶¶ 5-6).

Imerys Talc America, Inc. and two affiliated companies ("the Debtors")—suppliers of talc to Defendants but not named defendants in the state court action—filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware. (Notice Removal ¶ 1). Defendants now have a pending motion before the Delaware District Court seeking to fix venue for numerous

personal injury cases related to Defendants' talc products in the District of Delaware. (Notice Removal ¶ 7). Simultaneously, Plaintiffs' action has proceeded towards trial in the Graves Circuit Court, with substantial discovery having been conducted and a trial date set for November 2019. (Pls.' Mot. Remand 1, DN 6 [hereinafter Pls.' Mot.]).

Defendants' reason for removal is plainly stated in Defendants' May 1, 2019, letter to the Court: They hope this Court will exercise jurisdiction over the state law claim and stay proceedings pending the Delaware District Court's resolution of their motion to fix venue. (Letter Defs.' Counsel 2, DN 5). Defendants need this Court to allow removal of the state court action because, while the Civil Rules allow the District Court where a bankruptcy is pending to consolidate claims related to the bankruptcy, those claims must already be pending in another District Court. *See* 28 U.S.C. § 157(b)(5).

Plaintiffs object on several grounds. Plaintiffs argue removal is untimely pursuant to 28 U.S.C. § 1446(b). (Pls.' Mot. 5-7). Next, Plaintiffs assert Defendants waived any right of removal by engaging in defensive litigation for two months before filing the notice of removal. (Pls.' Mot. 7). Plaintiffs further contend this Court lacks subject matter jurisdiction because claims in this lawsuit are not related to the bankruptcy. (Pls.' Mot. 8-13). To this end, Plaintiffs urge that the mere existence of indemnification agreements between Defendants and Debtors is insufficient to create a nexus for "related to" jurisdiction. (Pls.' Mot. 11). Further, Defendants' and Debtors' shared insurance agreements and the potential for future shared liability are also insufficient to establish related to jurisdiction. (Pls.' Mot. 11-16). Finally, Plaintiffs argue both mandatory and permissive abstention factors favor remand in this case. (Pls.' Mot. 18-30).

## II. DISCUSSION

"[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b)(5). A party may remove an action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 . . . ." 28 U.S.C. § 1452(a).

However, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Section 1334 similarly provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). The Court's decision to remand under either Section 1452 or 1334 is not reviewable. 28 U.S.C. §§ 1334(d), 1452(b).

The parties engage in a great deal of discussion concerning federal court jurisdiction of claims ancillary to a pending bankruptcy, permissive versus mandatory abstention, and timeliness of filing. The Court concludes, however, that while these arguments might be relevant under a different set of facts, the circumstances here call for an equitable solution. Plaintiffs' critical illness, the advanced stage of the state court litigation, and respect for the coequal state courts of Kentucky lead the Court to conclude that remand is appropriate.

3

First, Ms. Wiman suffers from malignant peritoneal mesothelioma, a universally fatal illness. (Pls.' Mot. 1). Defendants' request that the Court stay this litigation pending resolution of their motion in Delaware could well deprive Ms. Wiman of her chance for a day in court while she is still alive. While no legal doctrine or enumerated right guarantees a terminally ill plaintiff the right to see their case heard before they pass, the Court concludes that fundamental notions of fairness and compassion counsel against staying the proceedings for an unknown period. Moreover, this case is not in its nascent stages. The Graves Circuit Court has managed discovery, and the parties have created an extensive case record. It would be imprudent to call a halt to the process at this point.

Even assuming jurisdiction could be exercised, the Court would not exercise that jurisdiction over a pending state law claim with at best a marginal connection to a bankruptcy in Delaware. In short, it seems inappropriate for Defendants to use this Court as a pass-through jurisdiction in an attempt to transfer proceedings to Delaware. Plaintiffs' claims have nothing whatsoever to do with the Debtors but are asserted against Defendants that are apparently subject to jurisdiction of Kentucky state courts. Requiring Plaintiffs to litigate their claims in Delaware under these circumstances would seem to be patently unfair. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 130 (1995) ("Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases 'on any equitable ground' . . . ."); *see also Estate of Scott v. Cervantes*, No. 08-03293-MMM (CWx), 2008 WL 11337657, at *4 (C.D. Cal. July 29, 2008).

Finally, Plaintiffs have moved for their costs in responding to Defendants' removal pursuant to 28 U.S.C. § 1447(c). The Court enjoys wide discretion in awarding costs under Section 1447(c). *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005). While the Court concludes that equitable factors warrant remanding the case, Defendants have not shown "an

4

objectively unreasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court therefore declines to award costs.

III. **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Remand (DN 6) is **GRANTED**, and this matter is **REMANDED** to Graves Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

June 3, 2019

cc: counsel of record
Clerk, Graves Circuit Court (Civil Action No. 18-CI-00181)